FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 22 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DAVID P. CRUZ,

           Plaintiff,

-against-

NEW YORK CITY TAXI
AND LIMOUSINE COMMISSION,

           Defendant.
----------------------------------------X

**REPORT AND RECOMMENDATION**
**06 CV 6614 (CBA) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging that defendant, the Taxi and Limousine Commission ("TLC"), discriminated against him by failing to renew his taxi and limousine paratransit license, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. The plaintiff also claims general violations of his constitutional rights and challenges TLC's actions under N.Y.C.P.L.R. Article 78. Defendant moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Honorable Carol B. Amon referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.

## BACKGROUND

In January, 2005, plaintiff applied for renewal of his TLC taxi and limousine paratransit license. Shortly thereafter, plaintiff's application for renewal was denied because it was incomplete. See Letter dated February 2, 2005, from TLC, annexed to plaintiff's complaint as Exhibit G. Specifically, defendant's letter informed plaintiff that he must obtain "19-A active" status to be

eligible for renewal. Id. Active 19-A status requires, *inter alia*, plaintiff to have biennial medical examinations and an observation of his defensive driving skills. See E-mails from Eric Kim, Chief of Staff to the First Deputy Commissioner of NYC Taxi and Limousine Commission, annexed to plaintiff's complaint as Exhibit K. Plaintiff contends that he could not obtain 19-A active status on his own because he was unemployed at the time. Plaintiff's Affidavit/Affirmation in Amend [sic] Opposition to Defendant's Motion at 4. Plaintiff claims that it is TLC's responsibility to help unemployed drivers obtain 19-A status and that TLC failed to assist him. Id. at 5. He also alleges that TLC knew or should have known that he was unemployed and neglected to assist him in obtaining his 19-A active status because he is Hispanic. Id. at 4,6. Plaintiff seeks punitive damages in the amount of one billion dollars, as well as an order directing defendant to issue plaintiff his taxi and limousine license or a refund of the one hundred and twenty dollars that he paid to renew his license. Amend [sic] Complaint at 9.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all the facts alleged in the complaint and must draw all reasonable inferences in favor of the nonmoving party. Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001). However, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Thus a motion to dismiss pursuant to Rule 12(b)(6) should be granted if the allegations in a complaint do not "raise the right to relief above the speculative level." Id. at 1965. "When determining the sufficiency of

plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference. . ." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). The Court has considered all of the documents plaintiff has attached to the complaint to determine the instant motion. Moreover, where, as here, plaintiff is proceeding *pro se*, the Court is obliged to read plaintiff's supporting papers liberally, and "'will interpret them to raise the strongest arguments that they suggest.'" Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

### 1. Plaintiff's Claim Under Title VII

Plaintiff alleges that TLC should have helped him to obtain his 19-A active because he was unemployed. However, he cites no basis for this claim that TLC has an obligation to help unemployed drivers renew their licenses. Plaintiff further alleges that TLC neglected to assist him because he is Hispanic. "Title VII makes it an unlawful employment practice, inter alia, **for an employer**, to fail or refuse to hire any individual or otherwise discriminate against him with regard to his employment because of his race or national origin." Int'l Bhd. of Teamsters v. U.S., 431 U.S. 324, (1977) (emphasis added). However, TLC, "in issuing a license to [a driver], . . . is not an employer subject to suit under Title VII[.]" Bonaby v. New York City Taxi & Limousine Commission, No. 02 Civ. 5423, 2003 WL 21649453, at *4 (S.D.N.Y. Jul. 14, 2003). As plaintiff was never employed by TLC, defendant's motion should be granted, and plaintiff's Title VII claim should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## 2. Plaintiff's Claim Under 42 U.S.C. § 1983

While plaintiff's complaint fails to specify the constitutional violations he is alleging, the Court liberally construes his complaint because of his *pro se* status. Haines v. Kerner, 404 U.S. 519, 520 (1972); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). The Court therefore considers plaintiff's complaint as raising a civil rights claim under 42 U.S.C. § 1983.

First, the Court notes that the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, the TLC, an agency of the City of New York, cannot be sued under § 1983. See Little v. City of New York, No. 05 CV 2873, 2005 WL 1889795, at *1 (E.D.N.Y. Jul. 29, 2005) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them).

Moreover, any of plaintiff's claims against the City of New York should be dismissed because plaintiff has failed to allege facts to demonstrate that an officially adopted policy or custom of the City of New York caused a violation of plaintiff's federally protected rights. See Bd. Of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 397, 403-404 (1997); Monell v. Dept. of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1978).

To the extent plaintiff seeks to assert an equal protection claim, his claim should be dismissed. Plaintiff claims that TLC did not assist him in renewing his license because he is Hispanic. While this assertion could be the basis for an equal protection claim, plaintiff's complaint is purely conclusory, and he alleges no facts to support his claim's plausibility. "[A] conclusory allegation of discrimination . . . [,] 'which without evidentiary support or allegations of particularized incidents, does not state

4

a valid claim' . . . , cannot withstand a motion to dismiss." Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 470 (2d Cir. 2006) (quoting Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996)) (internal quotations omitted).

To the extent plaintiff seeks to assert a due process violation, his claim should be dismissed. It is well settled that when a governmental agency has discretion in granting a license, a plaintiff does not possess a legally protected interest in the license. Sanitation & Recycling Indus., Inc. v. City of New York, 107 F.3d 985, 995 (2d Cir. 1997); Allocco Recycling, Ltd. v. Doherty, 378 F.Supp.2d 348, 366 (S.D.N.Y. 2005) (concluding that "when an agency has substantial discretion under state or local law to grant or deny a license or permit, the plaintiff has no legitimate claim of entitlement"); Gabris v. New York City Taxi & Limousine Comm'n, No. 05 Civ. 8083, 2005 WL 2560384, at *2 (S.D.N.Y. Oct. 12, 2005) (holding that "[Defendant TLC] is vested with broad discretion to grant or deny a license application, which forecloses plaintiff[] from showing an entitlement to one"). TLC also has broad discretion when renewing licenses. Therefore, as plaintiff had no property interest in the renewal of his license, he has no claim that he was deprived due process when defendant denied his request for renewal of his license. As such, defendant's motion should be granted and plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiff's Claim Under Article 78

Finally, plaintiff seeks to challenge defendant's actions under Article 78 of the N.Y.C.P.L.R. Article 78 "'provides the mechanism for challenging a specific decision of a state [or municipal] administrative agency.'" Gabris, 2005 WL 2560384, at *3 (quoting Campo v. New York City Employees' Ret. Sys., 843 F. 2d.96, 101 (2d Cir. 1988). However, the state court has exclusive jurisdiction over Article 78 proceedings. See N.Y.C.P.L.R. 7803 (McKinney 1994) (Practice

Commentary 7804:2) ("[T]he Supreme Court has exclusive jurisdiction over most Article 78 proceedings . . . . Certain Article 78 proceedings, however, must be commenced in the [state] Appellate Division"). As such, any Article 78 claim plaintiff would seek to pursue must be addressed in state court. Therefore, defendant's motion should be granted and plaintiff's claim seeking to challenge the agency's decision should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject matter jurisdiction over this claim.

## CONCLUSION

Accordingly, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.[1]

---

[1] As the Court recommends dismissal of this action on other grounds, this Report and Recommendation does not address the defendant's alternative basis for this motion, that plaintiff's claims are time-barred.

6

**FILING OBJECTIONS TO THIS AMENDED REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also FED. R. CIV. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Amended Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: October 22, 2007
      Brooklyn, New York